UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-203 (DSD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dontre D' Sean McHenry, | |
| Defendant. | |

Laura Provinzino, Assistant United States Attorney, for Plaintiff.
Paul Edlund for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 13, 2014 on Defendant McHenry's motion to suppress the fruits of an unlawful search (ECF No. 23). At the hearing, the Government presented testimony from Roseville Police Officer John Jorgensen and offered Exhibit 1.[1]  Both parties submitted post-hearing briefs on the motion.[2]  *See* ECF Nos. 31 and 32. This matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends that McHenry's motion be **DENIED.**

## I. FINDINGS OF FACT

---

[1] Exhibit 1 consists of the Application for Search Warrant, Affidavit of Minneapolis Police Sergeant Sherral Schmidt, Search Warrant, and Receipt, Inventory and Return for Motel 6, Room 114, 2300 Cleveland Ave N. Roseville, Minnesota 55113.

[2] Defendant's post-hearing brief argues, for the first time, that he was unlawfully arrested and that evidence obtained from his person subsequent to his arrest should be suppressed. *See* ECF No. 31.

At the pretrial motions hearing, Roseville Police Officer Jorgensen testified to events surrounding his entry into Room 114 of the Motel 6 located in Roseville, Minnesota and the subsequent arrest of McHenry.[3] Officer Jorgensen stated that on March 12, 2014, Sergeant Grant Snyder of the Minneapolis Police Department requested assistance from the Roseville Police at the Roseville Motel 6. The Minneapolis Police Department and Homeland Security Investigations believed that a juvenile female was being trafficked for commercial sex based on an advertisement posted to backpage.com. Law enforcement tracked the telephone number listed in the backpage.com advertisement to the Roseville Motel 6.

Officer Jorgensen arrived at the Motel 6 shortly after 6 p.m. Where Sargent Snyder informed him that law enforcement suspected that an illegal trafficking victim was in Room 114. The officers established surveillance of the room, which was visible from the parking lot.[4] An examination of hotel records revealed that Room 114 was rented to a sole individual, Jennifer VonHagen.

Shortly after speaking with Sergeant Snyder, Officer Jorgensen learned that a white female had exited Room 114. Officer Jorgensen approached the individual in the motel parking lot and requested to speak with her. The individual identified herself as Jennifer VonHagen and confirmed that she had booked Room 114 under her name. Officer Jorgensen told VonHagen that he and his colleagues were looking for a missing individual and requested that she identify the occupants of Room 114. VonHagen responded that a male by the nickname of "Avon" was currently in the room. Officer Jorgensen requested to "take a look in the room" and VonHagen stated something along the

---

[3] The Court's factual findings are based on the recorded hearing testimony and Government's Exhibit 1.

[4] Officer Jorgensen responded to Sergeant Snyder's request for assistance at the Motel 6 wearing his Roseville Police Department uniform.

2

lines of "yes, that's totally fine." VonHagen then was instructed to wait with Sergeant Snyder, not far from the location of Room 114. While speaking with Sergeant Snyder, VonHagen revealed that the juvenile female depicted in the backpage.com advertisement was in Room 114. Ex.1. Sergeant Snyder relayed this information to Officer Jorgensen, and instructed him to arrest the male occupant of the room.

Officer Jorgensen approached Room 114 and knocked on the door.[5] A male voice responded "come in." Officer Jorgensen opened the door without force and entered the room, followed by Roseville Police Officer Anderson and Special Agent Tonya Price of the Homeland Security Investigations division. Defendant McHenry was standing between two beds and Officer Jorgensen immediately placed McHenry under arrest without incident. Additional law enforcement officers located the juvenile female in the bathroom where she was showering. Officer Jorgensen removed McHenry from the room in order to separate McHenry from the juvenile female. Once outside, Officer Jorgensen performed a search of McHenry incident to arrest. Officer Jorgensen seized methamphetamine that was wrapped in a one dollar bill in McHenry's pocket and a prepaid gift card. Both McHenry and VonHagen were arrested for promotion of prostitution. Roseville police returned the juvenile female, identified as J.E., to her home.

Officer Jorgensen assisted in securing Room 114. The next day, on March 13, 2014, Sergeant Schmidt obtained a search warrant for Room 114, which was executed at 1:15 p.m. Ex.1. Law enforcement recovered a Samsung cell phone, condoms, mail labeled with VonHagen's name, a scale, an LG cell phone, handwritten notes, a notebook, a T-Mobile cell phone, an LG flip phone, a Kyocera phone, a prescription in the name of Alden Banks, two bags of garbage, and a red

---

[5] The Roseville Motel 6 has no internal hallways—the door to Room 114 opened to the outside and faced the parking lot.

backpack.

## II. CONCLUSIONS OF LAW

McHenry argues that all evidence seized from the hotel room and his person should be suppressed because it was acquired in violation of his Fourth Amendment rights. ECF No. 31. The Government argues that all items were lawfully seized and are admissible. ECF No. 32. The evidence seized pursuant to the search warrant is admissible, as is the evidence seized from Mr. McHenry, incident to his arrest.

### A. Both Ms. VonHagen and Mr. McHenry Consented to Officer Jorgensen's Entry into Room 114

McHenry argues that Officer Jorgensen did not have consent to enter Room 114. ECF No. 31 at 6. The Government argues that consent was given both by Ms. VonHagen and Mr. McHenry. ECF No. 32 at 11-12.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Whether a person has a reasonable expectation of privacy in a motel room depends upon factors such as whether the defendant was ever in the room and whether the defendant checked into or paid for the room. *See United States v. Carter*, 854 F.2d 1102, 1105-06 (8th Cir. 1988). Consensual searches, however, do not violate the Fourth Amendment "because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so." *United States v. Williams*, 521 F.3d 902 (8th Cir. 2008).

Here, Officer Jorgensen received consent from VonHagen and McHenry to enter Room 114. VonHagen, the only registered guest in Room 114, when asked, gave her express consent for Officer Jorgensen to enter Room 114. Assuming without deciding that McHenry had an expectation

of privacy in the room, he too consented when—without even asking who was at the door when Officer Jorgensen knocked—he said, "come in." *United States v. Williams*, 346 F.3d 796, 798 (8th Cir. 2003) ("Where a person having authority over the premises voluntarily consents to a search, however, law enforcement may conduct a warrantless search without running afoul of the Fourth Amendment."). *See also*, *United States v. Turbyfill*, 525 F.2d 57, 57 (8th Cir. 1975). Officer Jorgensen did not violate McHenry's Fourth Amendment rights by entering Room 114.

  **B.**  **The Search Warrant Application Included Reference Only to Items Seen in Plain View.**

On the day after McHenry's arrest, Sargent Schmidt applied for and was granted a warrant to search Room 114. McHenry argues that the search warrant executed on Room 114 was unlawful because it was based, in part, upon Jorgensen's unlawful entry and search the day before.

Typically, police must obtain a warrant before conducting a search. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). Search warrants are valid when probable cause supports a neutral and detached judicial officer's conclusion that evidence of a crime may be found at the location identified in the search warrant application. *United States v. Stevens*, 530 F.3d 714, 717-718 (8th Cir. 2008). Probable cause means that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Judges may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a search warrant . . . ." *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (quoting *United States v. Summage*, 481 F.3d 1075, 1078 (8th Cir. 2007)).

 McHenry is correct that if the search warrant application referenced unlawfully obtained evidence, the *Leon*, "good faith exception" to the exclusionary rule would not apply, and any evidence seized would not be admissible. *United States v. Leon*, 468 U.S. 897, 923 (1984)

5

("[s]uppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."); *see also Murray v. United States*, 487 U.S. 533, 539 (1988) (independent source doctrine does not apply if police decision to seek warrant or the Court's decision to issue it were influenced by unlawfully acquired evidence).

In this case, however, Jorgensen's presence inside Room 114 was pursuant to consent and was not unlawful. Anything he saw in plain view was not unlawfully observed and was thus properly relied upon in the officer's application for a search warrant.

### C. Jorgensen had Probable Cause to Arrest McHenry

Finally, McHenry argues that his arrest was unlawful. ECF No. 31 at 3. The Government maintains that probable cause supported his arrest. ECF No. 32 at 14.

Probable cause must support an arrest made without a warrant. *United States v. Kelly*, 329 F.3d 624 at 628 (8th Cir. 2003). "To determine the existence of probable cause, we look at the totality of the circumstances as set forth in the information available to the officers at the time of arrest." *Id.*, citing *Illinois v. Gates*, 462 U.S. 213, 230-39 (1983). Here, prior to entering Room 114, Jorgensen knew:

(1) using the phone number in the backpage.com ad associated with a juvenile's photo, Sergent Snyder made an arrangement to exchange sex for money;

(2) GPS data obtained pursuant to a tracking order showed the phone with the number listed in the ad was located somewhere inside the Motel 6 under investigation;

(3) Von Hagen confirmed that the juvenile female whose photo was in the ad was inside Room 114 of the Motel 6 with an adult male.

Once inside the room, Jorgensen confirmed that an adult male was present alone in the room with the juvenile female.[6]

While the record is silent as to any specific information about McHenry,[7] under the foregoing circumstances, Jorgensen had probable cause to believe that whoever was in the room with the juvenile female, had violated Minnesota Statute, Section 609.322 (promotion of prostitution).

For all of these reasons, once Jorgensen was inside the hotel room, he had probable cause to arrest McHenry. Evidence seized from his person, incident to the arrest is admissible.

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence (ECF No. 23) be **DENIED**.


DATED: August 26, 2014                *s/Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before September 9, 2014, written objections that

---

[6] Testimony at the hearing that the juvenile girl in the room was not in fact the juvenile in the ad is immaterial to this analysis because the facts and circumstances demonstrate that J.E. was there for prostitution purposes.

[7] The Government's suggestion that the Court may rely upon information in the Pretrial Services Report to establish Defendant's criminal history, is incorrect. ECF No. 32 at 6, fn 5. Information gathered by Pretrial Services can only be used for the purposes of a bail determination and shall otherwise be confidential. 18 United States Code, Section 3153(c).

specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by September 9, 2014 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.