```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 14-203(DSD/FLN)
```

United States of America,

       Plaintiff,

v.                                              **ORDER**

Dontre D'Sean McHenry,

       Defendant.

    Laura M. Provinzino, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Kirstin D. Kanski, Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and Caroline Durham, Esq., 413 Wacouta Street, Suite 430, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motion to withdraw guilty plea by defendant Dontre D'Sean McHenry. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

On June 4, 2014, McHenry was charged by criminal complaint with sex trafficking of minors and sex trafficking by force, fraud, or coercion, in violation 18 U.S.C. §§ 1591 and 1594(c). ECF No. 1. McHenry was arrested on March 12, 2014, after police found him in a hotel room with a minor female identified as J.E. ECF Nos. 1, 43 ¶ 2. Paul Edlund represented McHenry at his detention and

preliminary hearing. ECF Nos. 6, 9. McHenry was ordered detained, and on June 19, 2014, he was indicted with two counts of sex trafficking of a minor. ECF Nos. 9, 11. The government filed a superseding indictment on July 22, 2014, adding counts for sex trafficking of a minor and sex trafficking by force, fraud, or coercion. ECF No. 19.

On July 25, 2014, Edlund filed a motion to suppress all physical evidence obtained as a result of "[t]he warrantless entry and search of The Motel 6, Room 114, Roseville, Minnesota on March 12, 2014." ECF No. 23. A motion hearing was held on August 13, 2014, before Magistrate Judge Franklin L. Noel. ECF No. 28. On the same day, the government presented McHenry with a draft plea agreement to Count 2, which pertained to the alleged trafficking of a minor identified as N.A. ECF No. 65, Ex. 2. After the hearing, McHenry submitted a memorandum in support of the motion to suppress, arguing that he was arrested without probable cause and did not consent to a search of the hotel room. ECF No. 31. Magistrate Judge Noel recommended that the motion be denied. ECF No. 33. McHenry did not object, and the court adopted the report and recommendation. ECF No. 35.

In a letter dated October 8, 2014, the government informed Edlund that sufficient evidence existed to supersede the indictment and add charges for production of child pornography, with each count carrying mandatory minimum sentences of fifteen years. ECF

No. 64, Ex. 4.  The letter gave McHenry until noon on October 10, 2014, to accept the original offer and plead guilty to Count 2. Id. at 2.  McHenry accepted and, on October 17, 2014, pleaded guilty to one count of sex trafficking of a minor, in violation of 18 U.S.C. § 1591.  ECF No. 43.

On the morning of the plea hearing, the parties submitted a revised plea agreement that incorporated a dispute over a five-level enhancement under Guidelines § 4B1.5(b), which is applicable to defendants who have engaged in a pattern or activity involving prohibited sexual conduct.  See Plea Hr'g Tr. at 4:10-5:12.  The enhancement was included in previous drafts, but the new agreement stated expressly that McHenry contested its application.  See ECF No. 43 ¶ 5(d).  Despite this incorporation, the new agreement only set forth the relevant Guideline calculations in the event the enhancement applied.  Id. ¶ 5(f).

The hearing was delayed for approximately thirty minutes after McHenry notified Edlund that he needed more time to discuss the plea agreement.  When the hearing began, the government made note of the changes regarding the enhancement.  Plea Hr'g Tr. at 4:10-5:19.[1]  The government also stated that, if the enhancement did not apply, McHenry's total offense level would be 31 with a

---

[1] Before these changes were discussed on the record, McHenry notified the court and the government that he had difficulty hearing.  Plea Hr'g Tr. at 3:17-4:7.  He did not claim that he was unable to hear at any other time during the proceeding.

3

corresponding Guideline range of 135 to 168 months. Id. at 5:13-19. Edlund responded that McHenry was hesitant to sign an agreement that only set forth the higher Guideline range, but that "we would talk about it as long as we need to with the Court this morning." Id. 6:1-11. The court informed McHenry that his sentence was "going to be ... ultimately determined by the Court" and that "even though it may not be in the plea agreement, the Court is going to make a determination of it." Id. at 6:12-21.

The government then told McHenry that in order for the court to accept the guilty plea it must be satisfied that (1) there is sufficient evidence to prove his guilt beyond a reasonable doubt, and (2) the plea is knowing and voluntary. Id. at 7:12-18. The government also advised him to ask questions if he needed to:

> if you have any questions at any time as we're going through, please let me know, we can pause. You'll have an opportunity to speak with your attorney; or, if you have any questions of me, I'm happy to address those, as well.

Id. at 7:21-25.[2] The government explained to McHenry that he was pleading "to Count 2 of the Superseding Indictment, charging [him] with sex trafficking of a minor" and that the remaining counts would be dismissed at sentencing. Id. at 8:4-8. McHenry confirmed his understanding of the statutory penalties, including the ten-year mandatory minimum term of imprisonment. Id. at 8:14-9:14. He

---

[2] Before McHenry waived his Rule 11 rights, he again confirmed that he understood he could ask questions of his attorney or the government. Plea Hr'g Tr. at 16:19-21.

also acknowledged that he understood the Guideline calculations, and that the highest anticipated Guideline sentence was between 235 and 293 months. Id. at 9:16-12:13, 12:2-5.

Later in the hearing, McHenry expressed confusion as to what the term "habeas" meant. Id. at 14:2-4. Edlund was given additional time to explain the issue, stating "that we intend to ask the Judge for the mandatory minimum sentence of ten years" and that McHenry would "have the opportunity ... to appeal a sentence that you feel is unfair, even if it's a guideline sentence." Id. at 14:9-25. McHenry replied that he understood he would have the right to appeal any sentence. Id. at 14:24-15:1. Edlund also asked if McHenry understood he was giving up his right "to come back and say ... you were forced or coerced to plead guilty or that you and I didn't have enough time to talk about what your choices were to plead guilty." Id. at 15:7-15. McHenry stated that he understood. Id. at 15:16-18.

The government later asked McHenry whether anything prevented him from understanding the proceedings or his plea:

    Q:   [H]ave you had any drugs or alcohol within the last 24 hours?
    A:   No.
    Q:   Is there anything the Court should know about that would make it difficult for you to think clearly today or be able to make this decision today?
    A:   No.

Id. at 20:9-20. The court also asked whether McHenry was pleading voluntarily and if he was satisfied with his counsel:

> Q: First, I want to ask you whether you're here voluntarily to plead guilty today. Are you?
> A: Yes.
> Q: And in that sense, has anybody forced you to come here, threatened you, coerced you, or done anything to get you to come here this morning to plead guilty?
> A: No.
> Q: On the other side of that coin, has anyone made promises to you not contained in the plea agreement to get you to come here to plead guilty?
> A: No.
> Q: Now, once you plead guilty, it's very difficult to unplead; do you understand that?
> A: Yes.
>
> ....
>
> Q: [H]as [Edlund] been a good lawyer for you?
> A: Yes.
> Q: Has he answered all of your questions?
> A: Yes.
>
> ....
>
> Q: Have you had enough time to talk with him to discuss all of your concerns?
> A: Yes.

Id. at 24:16-26:18. The court then asked if McHenry believed he was guilty of Count 1 of the superseding indictment. Id. at 28:10-14. McHenry said that he was, and he pleaded guilty. Id. at 28:14-21. The government clarified that McHenry was to plead guilty to Count 2 rather than Count 1.[3] Id. at 30:10-31:12. The court then asked McHenry if he understood he was pleading guilty to Count 2, and McHenry said that he did. Id. at 31:13-17.

---

[3] After clarifying that McHenry was pleading guilty to Count 2, the government set forth a factual basis for Count 1 as well. Plea Hr'g Tr. at 30:15-31:13.

6

In November 2014, McHenry sent two pro se letters[4] to the court asking to withdraw his plea, have new counsel appointed, and appeal the court's ruling on his pretrial motions. McHenry alleged that Edlund never discussed the pretrial motions with him, that he was told to simply say "yes" at the plea hearing, and that he and Edlund discussed the case only once before the hearing. McHenry also stated that he has hearing issues and fetal alcohol syndrome, which contributed to his confusion. Because McHenry was represented, the court responded that it forwarded the letters to Edlund. On December 5, 2014, Edlund moved to withdraw as counsel, citing a "fundamental breakdown in the attorney-client relationship that ... is beyond repair." ECF No. 45. The court granted the motion. ECF No. 46.

Following appointment of new counsel, the government provided McHenry's attorney with an "Exigent Circumstance Request Form," showing that before the arrest a "E911 Locator" was placed on a cell phone belonging to J.E., in order to track her location. Kanski Decl. Ex. 3, at 2. McHenry alleges that the police would not have been able to locate him at the hotel had the E911 Locator

---

[4] McHenry's initial letter, dated November 13, 2014, was filed on ECF. See ECF No. 44. The court forwarded that letter, as well as the November 28, 2014, letter, to Edlund. For purposes of establishing a complete record, the court files the second letter as an exhibit to this order.

not been used.  On March 4, 2015, McHenry's new counsel informed the court that he was proceeding with a motion to withdraw his plea.  ECF No. 58.[5]

## DISCUSSION

"A guilty plea is a solemn act not to be set aside lightly." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010) (citation omitted).  A defendant does not have an absolute right to withdraw a plea, but instead bears the burden to demonstrate that withdrawal is proper.  See United States v. Rollins, 552 F.3d 739, 741 (8th Cir. 2009).  A defendant may withdraw a plea of guilty after the court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  If a defendant shows a fair and just reason, the court must also consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion."  United States v. Cruz, 643 F.3d 639, 642 (8th Cir. 2011) (citation and internal quotation marks omitted).

---

[5] Because McHenry has not filed a new motion, the court will construe his November 13, 2014, letter as the motion to withdraw.

8

## I.   Factual and Legal Circumstances

McHenry argues that the cumulative effect of various factual and legal circumstances leading up to his plea provide a fair and just reason for withdrawal. Specifically, McHenry argues that his hearing impairment and fetal alcohol syndrome, confusion at the plea hearing, the short amount of time given to consider the plea agreement, the immediate breakdown of his relationship with Edlund, and the timeliness of his request to withdraw all weigh in favor of withdrawal. The court disagrees.

Although McHenry stated at his hearing that he had difficulty hearing and that he required clarification on certain aspects of his plea agreement, the record shows that his plea was intelligent, knowing, and voluntary. McHenry's plea colloquy contradicts his argument that he did not have sufficient time to consider his plea offer and confer with counsel. In particular, the court and the government thoroughly questioned McHenry as to his "state of mind at the time of the change of plea hearing, whether he had adequately reviewed and considered the plea agreement, and whether he understood the plea agreement and the consequences of pleading guilty." Austin, 413 F.3d at 858. Likewise, there is no indication that McHenry's fetal alcohol syndrome or hearing impediment prevented him from properly entering a plea. See United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997) (rejecting argument that defendant's substance withdrawal rendered him

9

incompetent to enter a plea, where he was questioned as to his sentence, his constitutional rights, the terms of the plea agreement, and whether he had sufficient time to confer with counsel). Nor does the deterioration of McHenry's relationship with Edlund provide an adequate reason for withdrawal under these circumstances. United States v. Plooster, 221 F. App'x 478, 479 (8th Cir. 2007) (finding a break-down in the attorney-client relationship to be an insufficient reason for withdrawal). As a result, withdrawal is not warranted.

## II.  Ineffective Assistance of Counsel

McHenry next argues that Edlund was constitutionally ineffective for failing to thoroughly investigate and challenge the warrantless tracking of J.E.'s cell phone. "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [the defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996). "To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Cruz, 643 F.3d at 642 (citation and internal quotation marks omitted). To show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." McMullen, 86 F.3d at 137.

10

Because McHenry was not aware that J.E.'s cell phone was being tracked without a warrant, he alleges that he was deprived of a valid argument in support of his motion to suppress. The court disagrees. "Fourth Amendment rights are personal and may not be vicariously asserted." United States v. Randolph, 628 F.3d 1022, 1026 (8th Cir. 2011). "To mount a successful motion to suppress, an accused must first establish that he personally has a legitimate expectation of privacy in the object that was searched." United States v. Stringer, 739 F.3d 391, 396 (8th Cir. 2014). It is undisputed that the cell phone at issue belonged to J.E., and McHenry does not provide any reason why he had a legitimate expectation of privacy in the phone or in its location. See United States v. Turner, 781 F.3d 374, 382 (8th Cir. 2015) (holding that defendant had no standing to challenge the location monitoring of cell phones belonging to third persons, because he did "not assert that he owned, possessed, or used either of [the] phones; nor [did] he describe any other legitimate expectation of privacy in [the] phones or in the [location information] obtained from them"); United States v. Stringer, 739 F.3d 391, 396 (8th Cir. 2014) (finding no basis to suppress evidence obtained from cell phones belonging to non-parties). As a result, Edlund was not deficient for failing to address the warrantless use of the E911 Locator, and

11

McHenry's ineffective assistance of counsel claim does not provide a fair and just reason for withdrawal.[6]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to withdraw guilty plea [ECF No. 44] is denied; and

2. Objections to the preliminary presentence investigation report must be submitted to the U.S. Probation and Pretrial Service Office and opposing counsel no later than June 3, 2015.

Dated: May 20, 2015

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[6] The court also finds that an evidentiary hearing is unnecessary because, as explained above, McHenry's arguments are either contradicted by the statements made at the plea hearing or do not otherwise entitle him to relief. See United States v. Harris-Thompson, 751 F.3d 590, 603 (8th Cir. 2014) (noting that a hearing is not required "if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true").