UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-203(DSD/FLN)

United States of America,

        Plaintiff,

v.                                              **ORDER**

Dontre D'Sean McHenry,

        Defendant.

This matter is before the court upon the motion by pro se defendant Dontre McHenry to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

The facts of this case have been set forth in the court's previous orders and will not be repeated here except as necessary. On March 12, 2014, the Minneapolis Police Department discovered an advertisement on a local website featuring photographs of a female escort who resembled a juvenile reported missing from her home. The Minneapolis Police Department called the phone number listed on the advertisement, and a female identifying herself as "Honey" answered and told Sergeant Sherral Schmidt to get a hotel room and call her back. After placing the call, Schmidt received information

from T-Mobile that the phone listed on the advertisement was registered to Tony Brown and that the phone was located at a Motel 6 in Roseville, Minnnesota. Shortly thereafter, police raided the hotel and found McHenry with J.E., a 17-year old female, in room 114. McHenry was then taken into custody.

On July 22, 2014, the government filed a Superseding Indictment, charging McHenry with four counts of sex trafficking in violation of 18 U.S.C. §§ 1591 and 1594(a). On October 17, 2014, McHenry pleaded guilty to count two of the Superseding Indictment, and the government agreed to dismiss the remaining counts. On May 20, 2015, the court denied McHenry's motion to withdraw his guilty plea.

On January 26, 2016, the court sentenced McHenry to a 293-month imprisonment term, which was below his advisory guideline sentence range. On February 24, 2017, the Eighth Circuit Court of Appeals affirmed both the court's denial of McHenry's motion to withdraw his guilty plea and the court's sentence. United States v. McHenry, 849 F.3d 699 (8th Cir.), reh'g en banc denied (May 31, 2017). McHenry now moves to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel.

## DISCUSSION

**I. Standard**

Section 2255 provides a federal inmate with a limited

opportunity to challenge the constitutionality, legality, or jurisdictional basis of an imposed sentence. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the stated grounds for relief are facially meritless.

**II. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, McHenry must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, McHenry must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Id. at 687. Second, he must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

3

### A. Relevant Conduct and Guideline Challenges

McHenry first argues that his counsel was ineffective at the time of sentencing because he did not challenge a relevant-conduct enhancement based on the dismissed counts. Specifically, he argues that his counsel was ineffective because the acts underlying the dismissed counts did not occur during count two, the offense of conviction. Under the relevant-conduct guideline provision, a defendant's base offense level is determined on the basis of all acts "that occurred during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detention or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A).

The Presentence Report (PSR), which the court adopted in full, stated that the conduct underlying count two "continued while ... defendant was also involved" with the conduct underlying count one. PSR ¶ 29. In other words, McHenry's conduct in count one occurred during the commission of count two and in the course of avoiding responsibility for that offense. Therefore, McHenry's acts under the dismissed count constitute relevant conduct under § 1B1.3(a)(1)(A), and the court finds no error in his counsel's decision not to challenge that determination given the undisputed record.

McHenry also argues that, even if the dismissed counts constitute relevant conduct, the court erred in applying a grouping

4

enhancement under U.S.S.G. § 3D1.2(d). Specifically, McHenry argues that his offenses fell under U.S.S.G. § 2G1.1, which § 3D1.2(d) prohibits the grouping of. However, the PSR correctly noted that counts one and two involved the promotion of a commercial sex act or prohibited sexual conduct with a minor, which is conduct covered under U.S.S.G. § 2G1.3, not § 2G1.1. Moreover, the court did not group the offenses under § 3D1.2(d). Rather, the court relied upon U.S.S.G. § 3D1.4 to determine the combined offense level. Under § 3D1.4, count one and count two represented two units, warranting a two-level increase in McHenry's offense level.

Further, even if the court did not apply the two-level increase, McHenry's 293 month sentence is still below the applicable guideline range. Accordingly, finding no error or resulting prejudice, the court finds that McHenry's counsel's representation was not constitutionally defective.

**B.    Suppression**

McHenry next argues that his counsel was ineffective in failing to move for suppression of cell phone GPS data under 18 U.S.C. § 2518. Section 2518 generally defines the federal procedure for interception of wire, oral, or electronic communications. McHenry contends that had his counsel moved to suppress under § 2518, certain electronic evidence would not have been admitted, and he would not have pleaded guilty.

5

Under 18 U.S.C. § 2518(10)(a), only an "aggrieved person" may move for suppression of unlawfully collected wire or oral communications intercepted under the statute. The statute defines an aggrieved person as "a person who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

McHenry is not an "aggrieved person" under § 2518(10)(a). The cell phone and GPS data at issue were registered to another subscriber, Tony Brown. Thus, the interception order was not directed at McHenry. Moreover, McHenry was not a party to the intercepted communication as the record shows that "Honey" answered the phone. Finally, the intercepted conversation and data did not occur on his premises. As this court found, and the Eighth Circuit upheld, the cell phone at issue did not belong to McHenry, and he had no legitimate expectation of privacy in the phone or its location. United States v. McHenry, No. 14-203, 2015 WL 2402475, at *5 (D. Minn. May 20, 2015), aff'd United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017). Therefore, McHenry is precluded from moving for suppression under § 2518(10)(a). See United States v. Wright, 524 F.2d 1100, 1102 (2d. Cir. 1975); see also Alderman v. United States, 394 U.S. 165, 176 (1969).

Because McHenry lacks standing under § 2518(10)(a) to challenge the interception of the cell phone GPS data at issue, any attempt to argue for suppression on these grounds would likely have

6

failed.  As such, McHenry's counsel was not deficient under Strickland for failing to move for suppression under § 2518.

**III. Motion to Dismiss**

The government has also moved to dismiss McHenry's motion as untimely under 28 U.S.C. § 2255(f)(1).  Given that McHenry's motion fails on the merits, as set forth above, the court need not address the government's motion to dismiss.

**IV. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  The court is firmly convinced that McHenry's § 2255 motion is baseless, and that reasonable jurists could not differ on the results.  As a result, a certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 108] is denied;

2. Pursuant to 28 U.S.C. § 2253, the court denies a

certificate of appealability; and

    3.  The government's motion to dismiss [ECF No. 114] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 27, 2019

                                                <u>s/David S. Doty</u>
                                                David S. Doty, Judge
                                                United States District Court